UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| DONALD RIVERS GOOLSBY, : | CASE NO. 1:12-CV-00118 |
| : |  |
| Plaintiff, : |  |
| : |  |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 1] |
| DEUTCHE BANK, *et al.*, : |  |
| : |  |
| Defendants. : |  |
| : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Donald Rivers Goolsby filed this action under 18 U.S.C. §§ 241, 242, 225, 472, 480, 1961, 1001, 1006, 1010, 1341, 1343, 1344, 1503, and 2314, the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C.2601, the Truth in Lending Act ("TILA") 15 U.S.C. § 1501, and the Fair Debt Collection Practices Act ("FDCPA") against Deutsche Bank and Chase Bank. In the Complaint (Doc. No. 1), Plaintiff challenges an unfavorable state court judgment in a foreclosure action. He seeks an order enjoining the Defendants from collecting the foreclosure judgment.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2) That Motion is granted.

**I. Background**

Plaintiff's Complaint is very disjointed and difficult to understand. He states he is the

Defendant in a foreclosure action initiated by Deutsche Bank in the Cuyahoga County Court of Common Pleas. *See Deutsche Bank National Trust Co. v. Goolsby*, No. CV-09-704867 (Cuyahoga Cty Ct. Comm. Pl. filed Sept. 23, 2009). It appears that Plaintiff did not file an answer to the lawsuit and a default judgment was granted to Deutsche Bank on March 17, 2010.[1] The property has been offered several times at sheriff's sale, but there have been no bids on it to date.

The remainder of the Complaint is comprised entirely of rhetoric and passages taken out of context from a publication purportedly authored by the Federal Reserve Bank of Chicago entitled *Modern Money Mechanics*.[2] Plaintiff states he signed a mortgage note in 2004 and accepted a loan from Deutsche Bank. He claims, however, that this loan is fraudulent because Deutsche Bank did not disclose to him the method by which money was created. He alleges that upon signing the note, Deutsche Bank converted it to a draft and then deposited this draft into another account at its affiliated bank, which he alleges is Chase Bank. He concludes that new money was created from this transaction.[3] A check was then written to the seller of the property. He indicates "this new money passed as money, because the seller of the property being

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

[2] *See* www.rayservers.com/images/ModernMoneyMechanics.pdf

[3] Plaintiff takes the phrase "new money was created" out of context from the publication. The article indicated that in the days when silver and gold coins were the only form of currency, an individual would deposit the coins in the bank and then receive a deposit slip which could be used to reclaim the money from the bank. Because the money would be given to whoever produced the deposit slip, the individual could use the deposit slip as payment to a third party and that third party could then take the slip to the bank to exchange it for the coins. In this way, the deposit slip became an acceptable form of currency. *See* www.rayservers.com/images/ModernMoneyMechanics.pdf

purchased had confidence in it." (Doc. no. 1-1 at 3-4). He claims that if the seller had rejected the "new money" the bookkeeping entry would have been reversed and the signed note would have been returned to the borrower. He contends the note was not rejected and is still in possession of Deutsche Bank or a bank used by Deutsche Bank to hold its accounts.

Plaintiff then espouses a theory under which Deutsche Bank is actually indebted to him under the mortgage. He alleges that banks cannot loan credit, and therefore this "new money" was used as the source of credit. He concludes from this palaver that Deutsche Bank's acceptance and alleged conversion of the signed note to a draft resulted in both parties being equally indebted to each other. He surmises that Deutsche Bank therefore has an offsetting liability to him and an obligation to return that promissory note or its equivalent to him. He claims there is also an implied contract giving him the right to inspect the note now in Chase Bank's possession upon demand.

Plaintiff states he is asserting the "principal of compensation." He refers to the definition of "compensation" in the 1859 version of Black's Law Dictionary which states, in part, that when two debts exist simultaneously in the same sum between parties, they are extinguished by operation of law. (Doc. No. 1-1 at 6.). He contends that the principal of compensation applies here because all parties to a transaction are indebted to each other. He states "the reciprocal extinguishment of the two debts could easily have settled the account without this judicial review, had [Deutsche Bank] taken cognizance of the option being exercised by [Plaintiff] in the self-help nonjudicial remedy to prevent circuity." (Doc. No. 1-1 at 7.) He contends he chose to use this "self help" remedy through the principal of compensation

to settle the account "in a manner not within the limited method of payment desired by [Deutsche Bank]." (Doc. No. 1-1 at 7.)

Plaintiff further indicates that Deutsche Bank is now barred from asserting claims against him or disputing that it owes a debt to him. He claims the bank did not provide case law, statutes, rules, or other regulations to contradict his theory of the "principal of compensation." Because Deutsche Bank did not dispute his theory of dual liability under the note when he presented it with Notices of Dishonor in September 2011, October 2011, November 2011,December 2011 and January 2012, he contends they are estopped by the doctrine or *res judicata* from asserting another theory or attempting to collect on the foreclosure judgment against him. Plaintiff asks this Court to enjoin the Defendants from proceeding with the foreclosure sale or any other legal action to collect the mortgage debt. He also requests "certification from the court on the administrative procedure self help remedy as a judgment lien has been recorded, and registered with the Ohio Secretary of State for collection and enforcement of the International Tort Claim that is now past due and payable." (Doc. no. 1-1 at 20.)

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably

meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. *Res Judicata*

As an initial matter, Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion

of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

The Cuyahoga County Court of Common Pleas granted judgment in favor of Deutsche Bank against Plaintiff in the foreclosure action on March 17, 2010. Plaintiff has now filed this action to contest the validity of the mortgage debt owed on the note. This Court must look to Ohio's law of preclusion to determine if this judgment bars Plaintiff from proceeding with this action.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Here, both the doctrine of claim preclusion and issue preclusion bar relitigation of the claims Plaintiff asserts in this Complaint. The parties in this action are the same as the parties in the foreclosure action filed in the Cuyahoga County Court of Common Pleas. This Complaint concerns the mortgage assignment and the foreclosure proceedings, which arise out of the transaction that was the subject matter of both state court actions. Plaintiff's claims challenging

the validity of the mortgage debt and his theory that Deutsche Bank actually owes him money on the note could have been litigated in that action. Moreover, the state courts already decided that the foreclosure was proper, and judgment should issue in favor of Deutsche Bank. This Court must give full faith and credit to that judgment. Plaintiff is barred from relitigating those matters in this Court.

### B. Younger Doctrine

Plaintiff also asks this Court to enjoin the state court from proceeding with the sheriff sale scheduled in the foreclosure action. The Court notes that the foreclosure action is still pending because there were no bidders on the property at the last sheriff's sale.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as

long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. First, the state proceedings must be on-going. The docket in this case indicates it is still pending until the property is sold at sheriff's sale. Second, the subject matter must implicate an important state interest. Foreclosure and property actions meet this criterion. *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted and this action

is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

    IT IS SO ORDERED.


Dated: April 25, 2012            *s/     James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[4]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.